ROBERT J. ROSATI, California State Bar #112006
robert@erisalg.com
RAQUEL M. BUSANI, California State Bar #323162
raquel@erisalg.com
6485 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

Attorneys for Plaintiff,
*CORINA CAMPA*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| CORINA CAMPA,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>　　　　　Defendant. | CASE NO.:  5:24-cv-00576-EJD<br><br>**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HER MOTION FOR SUMMARY ADJUDICATION OF ISSUES**<br><br>**Date:**　　April 29, 2025<br>**Time:**　　2:00 p.m.<br>**Location:**　San Jose Courthouse,<br>280 South First Street, San Jose, CA 95113<br>**Courtroom:** 7, 4th Floor<br>**Judge:**　　Eumi K. Lee |

　　　　Plaintiff, Corina Campa submits the following Statement of Undisputed Material Facts in support of her Motion for Summary Adjudication of Issues.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**PLAINTIFF CORINA CAMPA'S' NOTICE OF MOTION AND MOTION; MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF HER MOTION FOR SUMMARY ADJUDICATION OF ISSUES**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| **Claim 1:  United cannot meet its burden of proof on its Third Defense to rescind the Policy** | | |
| Issue 1:  There is no evidence of a misrepresentation. | Fact 1. Corina Campa applied for the policy with a manually signed application. Campa Decl. ¶ 2. | |
| | Fact 2. An electronic application was submitted on December 30, 2020.  Ex. "20": Ex. "267": Heim Depo 62:18 – 63:17; Campa Decl. ¶ 3. | |
| | Fact 3. Michelle Heim is an underwriter who approved the application.  Ex. "267": Heim Depo 14:13-19, 63:15-23. | |
| | Fact 4. United issued Policy/Certificate number BU3032410 to Campa (hereinafter "The Policy"). Complaint/Answer ¶ 18; Ex." "226-A", "267": Ex. "267": Heim Depo 85:9-22. | |
| | Fact 5. The death benefit is $100,000, plus interest. Complaint/Answer ¶ 21; Ex. "226-A" | |
| | Fact 6. Juan Carlos Campa died on November 12, 2021. Complaint ¶ 22; Answer ¶ 22. | |
| | Fact 7.   United wrote Campa that, "because the policy is less than two years old and we are permitted to verify the answers to the questions | |

1

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | on the application dated 12/30/2020," and requested certain documents. Ex. "227": Campa Decl. ¶ 11. | |
| | Fact 8.   A claim made within two years of issuance of a policy is called a "Contestable Claim." United has employees, called the "FOCAS Team," whose duties include investigating and deciding contestable claims. Ex. "264";Daniel Depo 16:10-15, 17:7-12, 27:7-9, 107:7-23; Ex. "270";Yates Depo 13:11-19, 22:13-21. | |
| | Fact 9.   Corina Campa returned the completed and signed claim forms. Campa Decl. ¶ 11; Ex. "91". | |
| | Fact 10.  By letter dated May 24, 2022, United thanked Campa for returning the signed claim forms. Ex. "233". | |
| | Fact 11.  United obtained records on June 29, 2022, from Regional Medical Center of San Jose. Ex. ""60" shows a 07/26/2020 Emergency Room visit record for which the provider is Olivia Wu, PA - - who asked no questions about smoking.  United 766-771; the nursing notes at United 772 states "current some day smoker." The other records for visits between 2016-2019 show both nursing and provider notes for each | |

2

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
| --- | --- | --- |
| | date: "Never Smoker."  United 777, 783, 789, 797, 811, or unknown: 807, 816, 820. Complaint/Answer ¶ 41; Ex. "60"; | |
| | Fact 12.  On July 18, 2022, Anna Dutton of the FOCAS Team reviewed the records from Regional Medical Center of San Jose and concluded: "No misrepresentation found."  Ex. "34" and Ex. "264":Daniel Depo 120:25 – 122:8. | |
| | Fact 13.  Since the claim was on a policy of $100,000 or more, the FOCAS Team could not decide the claim without first requesting a review by the Risk Team in the Underwriting Department and then a review by the Legal Department. Ex. "264": Daniel Depo. 94:3 – 95:8, 126:16-18; Ex. "268": Husmann Depo 159:7-15. | |
| | Fact 14.  On October 27, 2022, Theresa Daniel of the FOCAS Team noted "No concerns found. Sent to UW [underwriting] for review." Ex. "34"-United 1034, fifth entry from the bottom; Ex. "264": Daniel Depo 126:1-15. | |
| | Fact 15.  Daniel requested underwriting to "review the claim for payment." Exs. "1"-United 499 and "264": Daniel Depo 126:23 – 127:15, 130:17 – 131:9; 132:2-5. | |

3
**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Fact 16.  The underwriting review was done by LaRae Husmann, whose duties include handling contestable claims. Ex. "268": Husmann Depo. 18:7-16. | |
| | Fact 17.   In a contestable claims review, Ms. Husmann is "reviewing for any misrepresentation on the application and how, if so, how would affect how we issued the policy."  Ex. "268": Husmann Depo 150:5-17, 201:17-24, 245:13-14, 275:16-24, 275:25 – 276:4, 276:3-4. | |
| | Fact 18.  Special qualifications are needed to evaluate whether a policy should have been issued; "You need an underwriting background": "You've got to be able to review an application, determine if there was a misrep on the application." Ex. "268": Husmann Depo 106:7-15, 168:20 – 169:10, 169:20-24; Ex. "264": Daniel Depo 95:4-12, 97:7-13. | |
| | Fact 19.  Exs. "1" through "12" constitute all the work Husmann did. Ex. "268": Husmann Depo. 54:23 – 55:7, 61:11 – 62:1, 60:22 – 67:16, 71:12-25, 72:1-3, 72:9-16. | |
| | Fact 20.  Ms. Husmann did not see any errors that she made. Ex. "268": Husmann Depo; 55:8-13, or mistakes, 73:5-12, or see anything to cause her to change her | |

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | opinions, 55:14-22, or form new opinions, 5:23 – 56:23. | |
| | Fact 21.  Husmann wrote on October 31, 2022, in part, as follows: <br><br> * - Get legible records from Zuckerberg <br><br> * - Discuss with Legal to see if we could use a tobacco misrepresentation when only the July 2020 records indicate tobacco use. <br><br> * - Advised not pay the claim without more investigation – and requested more investigation. <br><br> Complaint/Answer ¶ 58; Ex. "1"-United 499 and Ex. "268" Husmann Depo 74:12 – 76:18. | |
| | Fact 22.  Husmann never received a response from Legal "to see if we could use a tobacco misrepresentation when only the July 2020 records indicate tobacco use" and does not know if anybody else did. Ex. "268": Husmann Depo 76:13-18, 264:10-25. <br><br> Nobody else contacted the Legal Department "to see if we could use a tobacco misrepresentation when only the July 2020 records indicate tobacco use."  Ex "264": Daniel Depo 132:24 – 133:10; and Ex. "265": Frank Depo 141:14 – 142:19. | |
| | Fact 23.  Ms. Husmann testified that the 7-26-2020 medical record | |

5

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | "was a misrepresentation of a tobacco question." Ex. "268": Husmann Depo 79:13-21, 264:10-12. She testified "my opinions did not change." Husmann Depo 55:19 – 56:23, but that she could have changed the wording… to be a little more clear." 56:25 – 57:5. "In my October 2022 notes I could have been more clear as to my opinion that there was a tobacco misrepresentation." Husmann Depo 74:18-25. "What I could have been more clear on was stating my opinion that with the July 2020 record indicating that he was a current someday smoker that that would have been a misrep as far as the tobacco question goes." Husmann Depo 77:18-25; "in my opinion, it was a misrepresentation of a tobacco question" Husmann Depo 79:13-19, also 78:1-10.. | |
| | Fact 24.  United's June 5, 2024, interrogatory answers represent Husmann concluded there was a tobacco misrepresentation. Ex. "76", pp. 4:3-8, 9:4-9, 14:4-9, 18:16-21, 23:4-11. | |
| | Fact 25.  On November 8, 2022, Theresa Daniel did what Husmann asked and initiated an additional investigation consisting of: (1) a criminal background investigation of Juan Carlos Campa; and (2) obtain police reports; and (3) obtain coroner's records; and (4) requested "please | |

6

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | obtain any missing persons reports for [Juan Carlos Campa] in or around December 2020 as insureds skeletal remains were found in a homeless encampment." Ex. "264": Daniel Depo 133:24 – 137:6; Ex. "34"-United 1035, seventh entry from the top. | |
| | Fact 26.  United received a legible record from Zuckerberg San Francisco General Hospital that Juan Carlos Campa never smoked.  Ex. "56" and Ex. "270": Yates Depo 95:4-12 | |
| | Fact 27.   On February 28, 2023, Denise Yates wrote,<br><br>"2nd Review - We have received the legible records from Zuckerberg San Francisco General. A WRI criminal investigation was completed, no concerns for last 10 years. With the records and criminal investigation provided, please advise if concerns are present that would have affected issuance of the policy."<br><br>Ex. "9"-United 487 and Ex. "270": Yates Depo 94:20 – 95:15. | |
| | Fact 28.  On March 2, 2023, LaRae Husmann wrote her "2nd Review"<br>"Where is the information from the police department that shows how the body was identified? We need documentation that shows the remains belonged to our insured. Information in the WRI report shows the police officer saw the lower half of a body decomposed down to the bone. As of right now, there is no evidence that the skeletal remains found belonged to our insured." | |

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Ex. "9"-United 487 and Ex. "268": Husmann Depo 61:11 – 62:1, 65:4-12. | |
| | Fact 29.  On March 7, 2023, Denise Yates wrote:<br><br>3rd Review – With the records and criminal investigation provided, please advise if concerns are present that would have affected issuance of the policy. Located partial WRI report dated 02/03/23, which included the medical examiner's report providing the requested information. Thank you."<br><br>Ex. "9"-United 487 and Ex. "270": Yates Depo 96:22 – 98:13. | |
| | Fact 30.  On March 22, 2023, LaRae Husmann requested a statement on how the application was completed and directed do not pay this claim. Please return to me once we receive the producer statement."<br>Ex. "9"-United 487-488 and Ex. "268": Husmann Depo 64:15-22. | |
| | Fact 31.  Ms. Husmann instructed Leslie Handy to conduct a second background investigation, which Handy did at Husmann's request.<br>Ex. "266": Handy Depo 70:5 – 76:20. | |
| | Fact 32.  Tom Johnson was assigned to obtain a statement from Ruben Garcia and did so.<br>Exhibits "37", "38", "57", "85", "87", "88" and Ex. "269": Johnson | |

8

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Depo 21:13 – 22:16, 23:6 – 24:13, 28:18-20, 36:17-20, 39:2-8. | |
| | Fact 33.  On March 30, 2023, LaRae Husmann wrote:<br><br>"…The agent never spoke to Mr. Campa … Medical records from July 2020 indicated he was a smoker…Corina Campa was the one to answer all the application questions and we assume either her or the agent signed the application for him. … Had we known that the agent only met with Corina Campa to complete the application, the application would have been declined… Had we known that Juan Campa did not sign the application, the application would have been declined... In my opinion, this claim should not be paid since we never received a valid application.<br>Ex. "9"-United 488 and Ex. "268": Husmann Depo 66:8-15, 195:24 – 198:19. | |
| | Fact 34.  On April 4, 2023, Tom Johnson noted in Ex. "57", "I received a message from UW [Underwriting] that this policy is being rescinded due to the proposed insured not being interviewed as indicated on the app[lication]."  Ex. "57" and Ex. "269": Johnson Depo 40:11 – 41:12. | |
| | Fact 35.  Denise Yates testified that her job concerning contestable claims is to review the claim and make a decision to pay it or rescind.  Ex. "270": Yates Depo 22:13-21.  She testified she made the decision to rescind the Policy. | |

9

PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Ex. "270": Yates Depo 124:8 – 125:9. | |
| | Fact 36.  On April 18, 2023, Denise Yates called Campa and left a message concerning the claim.  The message stated Campa would receive a letter and a check in the mail.  Ex. "270":Yates Depo 125:10 – 126:16; Campa Dec. ¶ 17. | |
| | Fact 37.   Juan Carlos Campa never smoked or used tobacco products.  Corina Campa Decl. ¶¶ 7-10. | |
| | Fact 38.   Juan Carlos Campa manually signed one application.  Corina Campa Decl. ¶ 2, and electronically signed the electronic application.  See Ex. "20". | |
| | Fact 39.   Nobody ever interviewed Corina Campa concerning whether or not Juan Carlos Campa signed the application or smoked or used tobacco products.  Corina Campa Decl. ¶ 12. | |
| | Fact 40.  By letter dated April 18, 2023, United wrote Campa, in part: "…the medical records from Regional Medical Center note that Juan Campa was a smoker…Mr. Campa did not sign the application, as required by our underwriting guidelines…Based on this information, we found that Juan Carlos Campa answered questions regarding tobacco/nicotine use incorrectly and did not sign the application.  Ex.  "41"  and  Ex.  "270":  Yates Depo 124:23 – 125:2. | |
| | Fact 41.  By letter dated August 11, 2023, to the General Counsel of | |

10

PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | both Mutual of Omaha Insurance Company and United, attorney Robert J. Rosati on behalf of Campa, returned, uncashed, the premium refund check, which was sent to Campa with the April 18, 2023, rescission letter and further explained that rescission of The Policy and denial of the claim were improper and that the claim should be paid. Complaint/Answer ¶ 102; Ex. "92": Rosati Decl. ¶ 3. | |
| | Fact 42.  By email dated August 15, 2023, from Mutual of Omaha's Senior Assistant General Counsel, David Barron, Mutual of Omaha to Robert J. Rosati, acknowledged receipt of the uncashed premium refund check sent to Campa with the letter dated April 18, 2023, and returned by Robert J. Rosati's letter dated August 11, 2023. Complaint ¶ 103; Answer ¶ 103; Ex. "93". | |
| | Fact 43.  An appeal is if the beneficiary sends a letter challenging the rescission.  Ex. "270": Yates Depo 83:22 – 84:20. Rosati's August 11, 2023, letter to United of Omaha's general counsel, Nancy Crawford (Ex. "94"), was treated as a "appeal" by United Individual Life Claims Department.  Such "appeals" are assigned to one of three Life Claims Specialists, Ex. "265": Frank Depo 74:19 – 75:3, in this case Vanessa Frank.  Ex. "265": | |

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Frank Depo 17:8-17, 25:1 – 26:3, she provides "a new set of eyes". Frank Depo 41:8-18.  The ultimate decision was with her in Life Claims.  Frank Depo 32:9-14. | |
| | Fact 44.  Ms. Frank first worked on the Campa claim on August 15, 2023.  Frank Depo 21:13 – 24:5. She solicited information from the underwriter, Michelle Heim, and more information from Tom Johnson regarding whether Juan Carlos signed the application.  Ex. "265": Frank Depo 26, 29 - 31; Ex. "266": Heim Depo 87:12 – 88:25, 94:3; Ex. "269":Johnson Depo 67:9 – 71:22; Exhibits "42", "80", "81", and "89". | |
| | Fact 45.  Ms. Frank testified that she read all or part of Rosati's 8/11/2023, letter to Nancy Crawford.  Ex. "265": Frank Depo 41:19-23, 64:5 – 66:9, 68:12 – 69:8. | |
| | Fact 46.  On September 7, 2023, Vanessa Frank wrote LaRae Husmann, "Can you please provide an opinion as to whether the use of tobacco in July 2020 (had it been disclosed), would have required tobacco rates, regardless of whether prior records showed no tobacco use."  Husmann responded: "Our application was signed 12/30/20. Had he used tobacco in July 2020, the tobacco question would have required a Yes answer. | |

12

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Had we known of this information, the non-tobacco premium class would not have been offered." Ex. "12"-United 156; Ex. "265": Frank Depo 31:6-23; Ex. "268": Husmann Depo 66:18 – 67:3, 265:9-24. | |
| | Fact 47.  Husmann obtained no new information for her September 7, 2023, report.  Ex. "268": Husmann Depo 265:11 – 266:2. | |
| | Fact 48.  Ms. Frank found no information to answer Ms. Husmann's question of whether the single "current same day smoker" was sufficient for a smoking tobacco misrepresentation." Ex. "265": Frank Depo 141:14 – 142:19. | |
| Issue 2:  There is no evidence of a material misrepresentation. | Fact 49.  By letter addressed to Campa's attorney Rosati, dated September 8, 2023, signed by Vanessa Frank, states, in part: "… after further investigation and based on the information provided in your letter, we have determined that the rescission based on the failure of Mr. Campa to sign the application should be reversed…However, the application contained a material misrepresentation when it stated that Mr. Campa had not used tobacco in the 12 months before the application, so the decision to rescind the policy based on that misrepresentation was proper." Ex. "43": Ex. "265": Frank Depo 34:3 – 35:14. | |

13

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | Fact 50. Frank acknowledged that medical records may have mistakes. Ex. "265": Frank Depo 89:11-15; she does not investigate whether a medical record is mistaken. Frank Depo 90:5 – 91:7. She did not contact Regional Medical Center because "That's not part of our process." Frank Depo 92:9-14. She did not contact Corina Campa about Juan Carlos smoking. Frank Depo 87:10-15 | |
| | Fact 51. Frank conducted no other investigation concerning Campa's claim. Ex. "265": Frank Depo 87:10-15, 90:5-11, 90:25 – 91:7, 91:22 – 92:14, 96:16-24. | |

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| **Claim 2: Breach of Contract** | | |
| Issue 1. Corina Campa is entitled to the life insurance death benefit. | Fact 52. Plaintiff incorporates by reference Undisputed Facts Nos. 1 - 51 and supporting evidence thereto. | |
| | Fact 53. After requesting the completion of the claim forms, nobody at United ever requested that Corina Campa ever provide any additional information, except to request that she sign additional authorizations concerning its contestable claim investigation. Corina Campa Decl. ¶ ¶ 11, 12, 13; See Exhibits "41," "43," and | |

14

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | "227" – "245." | |

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| **Claim 3: United acted in bad faith by rescinding The Policy and denying Corina Campa's claim for life insurance death benefits** | | |
| Issue 1: United did not pay the benefit. | Fact 54. Plaintiff incorporates by reference Undisputed Facts Nos. 1 - 53 and supporting evidence thereto. | |
| Issue 2: United's decision to rescind the policy and deny policy benefits was not reasonable | Fact 55. Husmann believed that it was proper to rescind the Campa Policy because she concluded that Juan Carlos Campa had not signed the application. Ex. "268": Husmann Depo 180:8 – 182:12. | |
| Issue 3: All of United's other defenses therefore fail. | Fact 56. Husmann did not contact Corina Campa or cause her to be contacted to ask her if Juan Carlos Campa had signed the application or to ask her if Juan Carlos Campa smoked or used tobacco products because it is not United's practice to do so. Ex. "268": Husmann Depo 182:8 – 184:4. | |
| | Fact 57. Husmann always assumes medical records are accurate. Ex. "268": Husmann Depo 174:9-11, 262:23 – 263:1. | |
| | Fact 58. Husmann had concerns that the agent did not meet with Juan and ask Juan all the medical questions. Ex. "268": Husmann Depo 221:11-14. In Husmann's | |

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

| Claim or Defense | Plaintiff's Undisputed Facts & Supporting Evidence | Defendant's Response & Supporting Evidence |
|---|---|---|
| | mind, "it was an invalid application" because the agent only met with Corina Campa. Husmann Depo 227:10–24.  In Husmann's opinion, if Juan Carlos did not sign the application that would be a misrepresentation. Husmann Depo 180:8-20, but she doesn't know who fault that would have been. Ex. "268": Husmann Depo 180:24 – 181:14. | |
| | Fact 59.  Husmann typically does not interview persons such as Corina, only the agent, to find out how the application was taken. Ex. "268": Husmann Depo 182:8 – 183:18, "It's just not our practice" 186:7-12, 190:13-19, 209:6 – 210:1; see also Ex. "269": Johnson Depo 26:19 – 27:22. | |

DATED:  February 11, 2025

By:    /s/ Robert J. Rosati
Robert J. Rosati, Esq.
Raquel M. Busani, Esq.

Attorneys for Plaintiff, *Corina Campa*

16
**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**

**CERTIFICATE OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF FRESNO

I, ANDREA FERNANDEZ, certify and declare as follows:  I am a citizen of the United States and a resident of the County aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 6485 N. Palm Avenue, Suite 105, Fresno, California 93704.

I hereby certify that on **February 11, 2025**, I served the foregoing documents described as: **PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF HER MOTION FOR SUMMARY ADJUDICATION OF ISSUES** on the interested parties as follows:

Robert E. Hess, Esq.
rhess@maynardnexsen.com                    *Attorneys for Defendant, UNITED OF*
Karen T. Tsui, Esq.                                  *OMAHA INSURANCE COMPANY*
ktsui@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Boulevard, Ste. 550
Los Angeles, CA 90067


[ X ]     **ELECTRONICALLY:** I caused a true and correct copy thereof to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means  by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System.  I served those parties who are not registered participants of the ECF System as indicated below.

[ ]     I placed the [ ] original / [ ] a true copy thereof enclosed in a sealed envelope(s) to the parties listed above and caused such envelope(s) to be delivered by:
    [ ] U.S. POSTAL SERVICE[  ] OVERNIGHT DELIVERY

[ ]     BY EMAIL: I electronically transmitted a true and correct copy thereof to the interested parties' electronic notification address(es) of record before close of business for the purpose of effecting service and the transmission was reported as complete and without error.

I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on **February 11, 2025**, at Fresno, California.


        /s/ *Leanne K. Capuchin*
        LEANNE K. CAPUCHIN

---

**PLAINTIFF'S SEPARATE STATEMENT OF UNDISPUTED FACTS**