UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINA CAMPA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No. 24-cv-00576-NW<br><br>**ORDER DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: ECF Nos. 64, 71 |

　　　　Plaintiff Corina Campa ("Plaintiff" or "Campa") sued Defendant United of Omaha Life Insurance Company ("Defendant" or "United") alleging breach of contract and breach of the implied covenant of good faith and fair dealing for unpaid life insurance death benefits. Compl., ECF No. 1. Defendant answered the complaint. Answer, ECF No. 29. Plaintiff moved for summary judgment. Plaintiff's Mot. for Summary Judgment, ECF No. 64 ("Campa MSJ"). Defendant filed an opposition and simultaneously filed a cross-motion for summary judgment. Defendant's Mot. for Summary Judgment and Opp'n to Campa MSJ, ECF No. 71 ("United MSJ"). The parties filed respective oppositions and replies to the cross-motions for summary judgment. ECF Nos. 76, 78.

　　　　Having considered parties' briefing and the relevant legal authority, the Court finds this matter suitable for resolution without oral argument. Civil Local Rule 7-1(b). The Court DENIES Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment.

**I.　　BACKGROUND**

　　　　Campa is a resident of San Jose, California. Compl., ¶ 3. United is a Nebraska corporation with its principal place of business in Nebraska. Answer, ¶ 4. Both parties agree that

the Court has personal jurisdiction over Defendant and subject matter jurisdiction over Plaintiff's claims. Compl., ¶ 1; Answer, ¶ 1.

In December 2020, Campa worked with a United agent to apply for an individual life insurance policy for her now-deceased son, Juan Carlos Campa. Campa MSJ at 1; United MSJ at 3. United alleges (and Campa does not admit) that on the application Campa answered "no" to a question asking, "[i]n the past 12 months, has the Proposed Insured used any form of tobacco[?]" United MSJ at 1. Campa maintains that Mr. Campa "never smoked or used tobacco products." Campa MSJ at 9. In January 2021, United approved the application and issued Campa an "Express Life Policy," No. BU3032410, with a $100,000 death benefit. Campa MSJ at 5; United MSJ at 3.

Approximately ten months later, on November 12, 2021, Mr. Campa died. Campa MSJ at 5; United MSJ at 4. Campa notified United of Mr. Campa's death. United informed Campa that because the policy was less than two years old it qualified as a "contestable claim," and United was permitted to verify the answers submitted on the December 2020 application. *Id*.

United has a team of employees, called the "FOCAS Team," whose duties include investigating and deciding contestable claims. *Id*. Additionally, for contestable claim investigations involving a policy with a death benefit of $100,000, United has a second team, called the Risk Team, that reviews for whether there was a misrepresentation on the application, and if so, if the misrepresentation would have affected how or whether United would have issued the policy. Campa MSJ at 6; United MSJ at 5.

As part of the contestable claim verification process, United obtained and reviewed medical records from Regional Medical Center of San Jose. Campa MSJ at 5; United MSJ at 5. United reviewed a July 26, 2020 emergency room treatment note, which contained the following language in the "initial assessment" section: "Smoking status for patients 13 years old or older: Current some day smoker." *Id*. United received multiple additional medical records for Mr. Campa for the period between December 30, 2015, to January 30, 2021. Compl. ¶ 41; Answer ¶ 41. These records report that Mr. Campa's smoking status was "unknown" or that he was a "never smoker." *Id*.

United acknowledges that its policy is to "assume that information in medical records is accurate, and United assumed that the 'current some day smoker' entry in the Regional MC records was accurate." United MSJ at 11; *see also* Campa MSJ at 12.

On April 18, 2023, United wrote Campa a letter explaining that United had rescinded Campa's policy. The letter stated, in part:

> Medical records from Regional Medical Center note Juan Campa was a smoker. We also received a statement from the producer. He confirmed he only met with Corina Campa. Corina Campa was the one answering the applications questions and that he never met with Juan Campa. Mr. Campa did not sign the application, as required by our underwriting guidelines.
>
> Based on this information, we found that Juan Carlos Campa answered questions [about] tobacco/nicotine use incorrectly and did not sign the application. Had we been aware of Juan Carlos Campa's condition and treatment at the time the policy was applied for, we would not have issued the policy. The contract, therefore, is being rescinded. . . . Our refund of $960.00 for the premiums paid is enclosed.
>
> If you have any questions about this decision, or if you have any other information you wish us to consider, please let us know. We will be happy to review any additional information you submit. Our toll free-number is (800) 775-6000.

Campa MSJ at 9; United MSJ at 8-9.

In June 2023, Campa secured counsel and requested that United share materials related to its investigation and denial of her claim. Campa MSJ at 9-10; United MSJ at 9. Campa additionally returned the premium refund check to United. *Id*. Following Campa's letters, United initiated a reconsideration of the rescission decision. Campa MSJ at 10; United MSJ at 10. United acknowledged that the rescission decision was based on two grounds: United's understanding that (1) Mr. Campa did not sign the application, and (2) that there was a material misrepresentation in the application. Campa MSJ at 10-11; United MSJ at 10. On September 8, 2023, United wrote to Campa and her counsel, stating:

> [A]fter further investigation and based on the information provided in your letter, we have determined that the rescission based on the failure of Mr. Campa to sign the application should be reversed. . . . However, the application contained a material misrepresentation when it stated that Mr. Campa had not used tobacco in the 12 months before the application, so the decision to rescind the policy based on that misrepresentation was proper.

3

Campa MSJ at 11; United MSJ at 11.  United maintains that rescission of the policy is appropriate based on the alleged material misrepresentation Campa made in the policy application, namely that Mr. Campa smoked in the year prior to the application.  United MSJ at 2.

## II.   LEGAL STANDARD

A court shall grant summary judgment "if . . . there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The burden of establishing the absence of a genuine issue of material fact lies with the moving party, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986), and the court must view the evidence in the light most favorable to the non-movant.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (citation omitted).  A genuine issue of material fact exists if there is sufficient evidence such that a reasonable jury could return a verdict for the non-moving party.  *Id*. at 248.  The Court may not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact.  *See id*. at 249.

To defeat summary judgment once the moving party has met its burden, the nonmoving party may not simply rely on the pleadings, but must produce significant probative evidence, by affidavit or as otherwise provided by Federal Rule of Civil Procedure 56, supporting the claim that a genuine issue of material fact exists.  *TW Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).  In other words, there must exist more than "a scintilla of evidence" to support the non-moving party's claims, and conclusory assertions will not suffice.  *See Anderson*, 477 U.S. at 252; *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Similarly, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts" when ruling on the motion.  *Scott v. Harris*, 550 U.S. 372, 380 (2007).  Where, as here, the parties have filed cross-motions for summary judgment, "[e]ach motion must be considered on its own merits." *Fair Hous. Council of Riverside Cty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001).  "In fulfilling its duty to review each cross-motion separately, the court must review the evidence submitted in support of each cross-motion." *Id*.

### III. DISCUSSION

Both parties agree that California law applies to this dispute. Campa MSJ at 20; United MSJ at 6. Campa brings two claims under California law: (1) breach of contract and (2) breach of the implied covenant of good faith and fair dealing. Compl., ¶¶ 115, 119. First, Campa alleges that the policy was in "was in full force and effect when Juan Carlos Campa died and when United denied benefits," and therefore, "United breached its obligations under The Policy to Campa by denying her claim for life insurance death benefits." *Id.*, ¶¶ 113-115. Second, Campa alleges that, "[b]y virtue of The Policy there is and was an implied by law covenant of good faith and fair dealing which required United to deal in good faith and fairly with Plaintiff in handling her claim"; Campa asserts United breached the covenant of good faith and fair dealing by arbitrarily denying her claim without proper cause, failing to objectively investigate her claim, and using improper standards to deny her claim. *Id.*, ¶¶ 119-120.

United argues that both Campa's causes of action fail as a matter of law and instead United is entitled to summary judgment because it properly rescinded the life insurance policy based on the material misrepresentation on Campa's application. United MSJ at 11. Additionally, United argues that claims of bad faith cannot stand if the policy was rescinded. *Id*.

Both parties' motions for summary judgment turn on whether there was a misrepresentation of Mr. Campa's status as a smoker, for which there is a "genuine dispute" of material fact. *Anderson*, 477 U.S. at 255. The parties have submitted multiple medical records, only one of which indicates that Mr. Campa was a "current some day smoker," while the other records do not discuss his tobacco use or state that Mr. Campa was never a smoker. There is a genuine dispute of a material fact whether Mr. Campa failed to disclose use of tobacco in the 12 months prior to submitting the application because it is not clear from the record whether Mr. Campa ever smoked, let alone whether he did so in the year prior to submitting the life insurance application. *See* ECF No. 71-16. Moreover, regardless of the representation of Mr. Campa's tobacco use, the Court finds that there is a genuine dispute regarding whether United acted in good

faith in investigating Campa's claim and in communicating their rescission determination to her.[1] The Court finds that sufficient evidence favors each party (as a non-movant) such that a reasonable jury could return a verdict in either party's favor. *Anderson*, 477 U.S. 248. The Court denies both parties' motions for summary judgment.

## IV.     CONCLUSION

The Court DENIES Plaintiff's motion for summary judgment and DENIES Defendant's cross-motion for summary judgment.

**IT IS SO ORDERED.**

Dated: May 27, 2025

_____
Noël Wise
United States District Judge

---

[1] The record supporting each party's motion for summary judgment leaves countless questions and few answers regarding the history of this policy. There are disputes of fact or no facts at all that explain what objective information, if any, United had regarding Mr. Campa before issuing the policy (including medical records, a medical examination, or even a basic medical questionnaire answered by Mr. Campa — as compared to his mother). It is also unclear who wrote "current some day smoker" on one of Mr. Campa's medical records, what it meant, or how, if at all United squared that notation with other medical records that indicated Mr. Campa's smoking history was unknown or that he did not smoke.

6