UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINA CAMPA,<br><br>           Plaintiff,<br><br>    v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>           Defendant. | Case No. 24-cv-00576-NW   (SVK)<br><br>**ORDER DEFENDANT'S MOTION FOR PROTECTIVE ORDER**<br><br>Re: Dkt. No. 88 |

Before the Court is the Parties' Joint Submission arising out of a former employee of Defendant contacting Plaintiff's counsel with an offer of assistance for the impending trial. Dkt. 88. In addition to the Joint Statement, the Court requested and reviewed documents in-camera. The Court held a hearing on August 28, 2025 and issued its rulings and reasoning on the record. The Court summarizes its rulings below for the convenience of the Court and the Parties.

**I.  Relevant Facts**

- This action was filed in January, 2024 (Dkt. 1);
- Leslie Handy, an employee of Defendant for approximately 10 years, was deposed in the above-captioned action in July, 2024;
- On December 3, 2024, Ms. Handy sent an email to Nancy Crawford, General Counsel of Defendant, addressing legal obligations and legal ramifications of the Defendant's claim processing. Ms. Handy then forwarded the email to a small group of senior executives. (*In-camera);*
- On December 19, 2024, in response to the December 3 email, Kellie Harry, a senior in-house attorney with Defendant, and Virginia Craig, a vice-president, met with Ms. Handy. (*In-camera*);

- On December 20, 2024, Ms. Handy resigned from Defendant;
- On August 4, 2025, Ms. Handy reached out to Plaintiff's counsel, Mr. Rosati, with an offer to assist him. Dkt. 88-1;
- On August 5, 2025, Mr. Rosati responded to Ms. Handy, raising the potential issue of privilege and outlining next steps. Dkt. 89;
- The Parties' Joint Statement, the Court's subsequent *in-camera* review of relevant documents, and the hearing followed. Dkt. 92, 94, 95;
- At the hearing, counsel clarified that no one knows if Ms. Handy has any of the Defendant's documents, including the specific documents that were addressed in the Joint Statement and at the hearing.

**II.    Summary of Rulings Regarding Privilege**

Having considered the Joint Statement, the documents provided in-camera, and the relevant law, the Court **ORDERS** as follows:

1. **Ms. Handy's email of December 3, 2024 is protected by the attorney-client privilege**, for the reasons identified on the record. Accordingly, if Ms. Handy has a copy, she cannot share it with Mr. Rosati. As set forth below, Ms. Handy can discuss with Mr. Rosati certain facts regarding her experience in the employment of Defendant, but Ms. Handy cannot tell Mr. Rosati, and Mr. Rosati cannot inquire, whether any of those facts were shared with the General Counsel. The fact that Ms. Handy wrote the email is not privileged; the fact that she sent it to senior executives of the company is not privileged.

2. **Ms. Handy is under a continuing obligation not to disclose the attachments to her December 3, 2024 email.** These documents, reviewed in-camera, reflect Defendant's confidential business information, as well as highly sensitive third-party medical information, and Ms. Handy may not disclose those documents to anyone, including Mr. Rosati. Dkt. 88-1, Ex. 3;

3. **Ms. Handy's meeting with Ms. Harry on December 19, 2024 is protected by the attorney-client privilege**, for the reasons identified on the record. Ms. Handy cannot tell

2

1   Mr. Rosati, and Mr. Rosati cannot inquire as to, what was discussed at that meeting.

2   4. **Ms. Handy's communications in any form with any attorney representing Defendant in this action are privileged**. Ms. Handy must exercise extreme caution not to inadvertently share with Mr. Rosati what she discussed with any attorney representing Defendant in this action.

5. **Ms. Handy may discuss with Mr. Rosati** her experience in Defendant's employment, with the limitations set forth herein.  Facts, of which Ms. Handy has personal knowledge, are not protected by the attorney-client privilege.  More specifically, Ms. Handy, as a percipient witness to certain aspects of the processing of claims by Defendant, may share with Mr. Rosati what she saw, heard or did while in Defendant's employ.  To the extent Ms. Handy recalls specific claimants or insureds, she must replace their names with initials or numbers in discussing facts about processing their claims.

This Order does not address, and the Court did not consider, the relevance or admissibility of any information that Plaintiff may learn from Ms. Handy; those issues are for the trial judge.

### III.   Next Steps

If Mr. Rosati places Ms. Handy on Plaintiff's trial witness list with an expanded role beyond the subject matter of her deposition, counsel agreed on the record that Defendant would be afforded an opportunity to depose her, and counsel will seek leave from the trial judge to re-open discovery for this limited purpose.  Defendant's deposition of Ms. Handy is not a waiver of its objection to her testimony at trial.

**SO ORDERED.**

Dated: August 28, 2025

SUSAN VAN KEULEN
United States Magistrate Judge