UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORINA CAMPA,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED OF OMAHA LIFE INSURANCE COMPANY,<br><br>    Defendant. | Case No. 24-cv-00576-NW<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: ECF No. 85 |

On May 27, 2025, the Court denied Plaintiff Corina Campa's motion for summary judgment and denied Defendant United of Omaha Life Insurance Company's ("United") cross-motion for summary judgment. ECF No. 80 ("Summary Judgment Order"). On August 8, 2025, United filed a motion for reconsideration of the Court's Summary Judgment Order with leave of the Court. Mot., ECF No. 85. Campa opposed, ECF No. 86, and United filed a reply, ECF No. 87. After careful review of the briefing, the Court DENIES United's motion.

A litigant dissatisfied with an interlocutory ruling may seek leave to file a motion for reconsideration under Civil Local Rule 7-9. *Meas v. City & County of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010); *see also* Fed. R. Civ. P. 54(b). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. Civ. L.R. 7-9(b)(1)-(3). The moving party may not re-argue any written or oral argument previously asserted to the Court, nor should they raise any new arguments not discussed in their original briefs. *Id*., 7-9(c); *Garcia*

*v. City of Napa*, No. 13-3886-EDL, 2014 WL 342085 at *1 (N.D. Cal. 2014); *Arakji v. Microchip Tech. Inc.*, No. 19-2936-BLF, 2019 WL 5626265 at *1 (N.D. Cal. 2019). "Motions for reconsideration are generally disfavored," and they should not "be used to ask the Court to rethink what it has already thought." *Johnson v. Broomfield*, No. 98-CV-04043-SI, 2021 WL 4170683, at *1 (N.D. Cal. Sept. 14, 2021).

United contends that reconsideration is appropriate because the Court manifestly failed to consider material facts or dispositive legal arguments presented before entry of judgment "by allowing Plaintiff's claims for bad faith and punitive damages to survive United's motion for summary judgment." Mot. at 1. United does not challenge the Court's determination that there are disputes of material fact as to whether Mr. Campa (the Plaintiff's son) was a tobacco smoker in the 12 months prior to Plaintiff applying for insurance, which informs United's argument that Mr. Campa misrepresented his smoking history. *Id.* at 3.

Regarding Campa's bad faith claim, United argues that the Court's finding of a genuine dispute of material fact as to Mr. Campa's smoking status necessarily means that there is a "genuine issue" as to United's liability because "[i]f United had a reasonable basis for its position, it cannot be liable for bad faith, as a matter of law." Mot. at 4. United states that, under California recission case law, the Court's "only inquiry is whether the misstated fact would affect the insurer's decision to issue the contract." Mot. at 7; *Old Line Life Ins. Co. v. Sup. Court*, 229 Cal.App.3d 1600, 1604 (1991).

The Court understands, as it did when it denied United's motion for summary judgment, that United's position is that had it known about Mr. Campa's smoking status, it would have either not issued the life insurance policy for Mr. Campa or would have done so at a different rate. However, United's argument presupposes that Mr. Campa was a smoker. To reach that conclusion, United had to rely on a single note in one medical record for Mr. Campa that inexplicably used the phrase "current some day smoker." This record is inconsistent with the other medical records, including one that clearly indicated Mr. Campa did not smoke, and another that stated his smoking status was unknown. It is unclear how, if at all, United investigated and reconciled the inconsistencies in these records before issuing the policy, and later before

2

1  rescinding the policy. Thus, while there is a factual dispute regarding Mr. Campa's smoking
2  history, there is also a triable issue of fact regarding whether United's decision to rescind the life
3  insurance policy for Mr. Campa following his death was made unreasonably and in bad faith.
4  These are questions for the jury. At summary judgment, courts ask, "whether the evidence
5  presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that
6  one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52
7  (1986). Here, the Court reaffirms its decision that the evidence is not "so one-sided" that United
8  "must prevail as a matter of law." *Id*.

9  To the extent the Court was insufficiently clear in its Summary Judgment Order, there are
10 numerous disputed issues of material fact in this case, including: what the various medical records
11 indicate about Mr. Campa's smoking status; if and how United assessed Mr. Campa's smoking
12 status prior to issuing the policy; if and how United weighed and investigated the various medical
13 records for Mr. Campa before issuing the life insurance policy to Plaintiff; if and how United
14 weighed and investigated the various medical records for Mr. Campa before rescinding the policy;
15 and whether United acted reasonably in its investigation and communications with Plaintiff.

16 United also contends that the Court "failed to address United's attack on Plaintiff's request
17 for punitive damages." Mot. at 10. United argues that "the evidence falls far short of the
18 significantly higher threshold required to sustain the finding of liability for punitive damages," and
19 therefore the Court should have granted United's motion for summary judgment. Reply at 5.
20 United is correct that to prevail on its bad faith claim against Untied, Plaintiff will need to meet
21 this high bar at trial. United is incorrect that the facts of this case, including United's investigation
22 and ultimate rescission of the policy, are so clearcut and one-sided that Plaintiff will not be able to
23 prove United acted in bad faith. This factual dispute is an issue for the jury to resolve at trial, not
24 for the Court to order in a motion for summary judgment.
25 / / /
26 / / /
27 / / /
28

Because United does not identify a basis to reconsider the Court's ruling on the motion for summary judgment, the motion for reconsideration is denied.

**IT IS SO ORDERED.**

Dated: September 9, 2025

Noël Wise
United States District Judge